■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT RIDOUT, Appellant.— Judgment, Supreme Court, Bronx County, rendered June 1, 1973, convicting defendant, after a jury trial of the crimes of assault in the first degree, assault in the second degree and possession of a weapon as a felony, unanimously modified, on the law, to the extent of reversing the conviction for assault in the second degree, vacating the concurrent sentence imposed thereon, and dismissing that count of the indictment, and as so modified, the judgment is otherwise affirmed. Defendant was indicted, tried and

convicted on the above-mentioned felony counts; and was sentenced to concurrent indeterminate terms of 4 to 12 years for assault in the first degree, 0 to 7 years for assault in the second degree and 0 to 7 years for possession of a weapon as a felony. A verdict of guilty on the greater of two or more inclusory concurrent counts of an indictment is deemed a dismissal of every lesser count submitted (CPL 300.40, subd. 3, par. [b]). Concurrent counts are "inclusory" when the offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater (CPL 300,30, subd. 4). Assault (1st and 2d degrees) were "inclusory concurrent counts" and, hence, a verdict of guilty on the assault, first degree, count must be deemed a dismissal of the lesser count of assault, second degree, but not an acquittal thereon. Accordingly, the conviction on the count of assault, second degree, must be dismissed. (See *People* v. *Pyles*, 44 A D 2d 784.) The claim that the count charging possession of a weapon as a felony is an "inclusory concurrent count" is rejected since there was evidence to show possession independent of the crime of assault. (*People* v. *Colon*, 45 A D 2d 994.) We have examined the other points urged by appellant and find them without merit. Concur — Markewich, J. P., Kupferman, Steuer, Capozzoli and Yesawich, JJ.