■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAETANO MARINO, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Delin, J.), rendered September 6, 1984, convicting him of burglary in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant, relying in part on matters dehors the record, claims that he was denied his right to representation by counsel of his own choice. However, a review of the tran-

scripts of the minutes of the July 5, 6 and 9, 1984 proceedings indicates that this claim is without merit. On July 5th the defendant requested and was given an opportunity to contact and retain new counsel of his own choice. The July 6th and July 9th proceedings do not indicate that the defendant did not have sufficient time to contact new counsel. Further, during these subsequent proceedings, the defendant did not express any opposition to the representation by his then assigned counsel, although he had numerous opportunities to do so. Contrary to the defendant's contention, his guilty plea was not "tainted" by the fact that he was not represented by counsel of his own choice. As noted, the record does not support his claim that he was denied a reasonable opportunity to contact and retain counsel of his own choice. Moreover, the proceedings of July 5, 6 and 9, 1984 indicate that the defendant knowingly and voluntarily pleaded guilty and specifically acknowledged that his assigned counsel had not forced him to plead guilty. Accordingly, vacatur of the defendant's guilty plea is not warranted.

In addition, we find no reason to disturb the court's denial of the defendant's request to suppress certain physical evidence. Mangano, J. P., Lawrence, Weinstein and Eiber, JJ., concur.