(May 31, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK HERR, Appellant.—Levine, J. Appeal from a judgment of the County Court of Albany County (Turner, Jr., J.), rendered June 13, 1988, upon a verdict convicting defendant

---

of the crimes of burglary in the second degree, petit larceny, criminal possession of stolen property in the fifth degree and aggravated harassment in the second degree (four counts).

The home of Sadie Rapp in the Town of Colonie, Albany County, was burglarized in the late evening of March 11, 1987 and a Zenith television set, microwave oven, checkbook, silver crucifix and other items were taken. Several weeks later Rapp began to receive a series of anonymous obscene telephone calls during which the caller told her that he was the one that had burglarized her home. Through the cooperation of the Town of Colonie Police Department and the telephone company, a "trap" was placed on Rapp's telephone, through which the obscene calls were traced to telephones at an automobile repair shop in the Village of Menands, Albany County, and a residence at 3 Benson Street in the City of Albany. One or more of the calls were also recorded. Defendant was employed at the automobile repair shop, whose owner informed the police that he was the only employee who lived at the Benson Street address. The police obtained the consent of one of the lessees at that residence, who was then defendant's girlfriend, to search the premises. The search turned up the microwave oven and other stolen items. Defendant's girlfriend informed the police that defendant sold a television set to a friend, from whom the stolen Zenith set was recovered. In addition to the foregoing evidence, both defendant's girlfriend and the other woman occupying the 3 Benson Street residence identified defendant's voice as that of the obscene caller on the recorded telephone calls to Rapp.

Defendant raises essentially two grounds for reversal. The first of these is that County Court should have suppressed the evidence seized at 3 Benson Street. In our view, however, County Court was correct in upholding the seizure on the ground that a valid consent to search had been obtained from defendant's girlfriend. We reject defendant's argument, made for the first time on appeal, that the search of the Benson Street residence was invalid because the consent of defendant's girlfriend was obtained by coercion, namely, a threat by the police that she would otherwise be charged with criminal possession of stolen property and that her child would be taken from her. However, this evidence was never brought out at the suppression hearing. Instead, it was elicited for the first time by defense counsel at the trial itself on cross-examination of the girlfriend, who by then had married defendant. Having failed to advance this factual basis for invalidating the search during the suppression hearing, defendant is precluded from

urging it on appeal *(see, People v Chirasello,* 99 AD2d 759, 760; *People v Cooke,* 93 AD2d 986; *see also,* CPL 710.70 [3]).

Alternatively, defendant argues that he was denied the effective assistance of counsel. Defendant points to the failure of the Public Defender's office to raise at the suppression hearing the issue of the previously described coercive threat by the police in obtaining the consent of defendant's then-girlfriend to search and for the failure to make a formal motion to dismiss the indictment on the ground of a denial of defendant's rights to a speedy trial. However, there is nothing in the record which demonstrates that defense counsel at the suppression hearing had been made aware of the subsequent claim that the police threatened defendant's girlfriend with criminal prosecution and the loss of her child. The record of the suppression hearing suggests to the contrary, since defendant's cross-examination of the police officer who obtained the consent explored whether the girlfriend was told that if she failed to consent "we're going to go back to the judge and get a search warrant and we'll go through the whole house and who knows what we'll find". Moreover, the testimony of the girlfriend (later wife) of defendant confirmed both on direct and redirect examination by the prosecution that she voluntarily consented to the search because she had "nothing to hide". Thus, it is highly improbable that the facts now relied upon by defendant, even if timely disclosed to his attorney, would have changed the result of the suppression hearing. Under all of these circumstances, the record is insufficient to establish that defense counsel's conduct at the suppression hearing constituted ineffective assistance *(see, People v Rivera,* 71 NY2d 705, 709).

Likewise unavailing to establish ineffective representation is the failure to make a formal speedy trial motion. In fact, an oral motion to dismiss on this ground was made before the trial commenced, was entertained by County Court and denied because "the case has been marked ready on a timely basis by the month on the record", and the delay was attributable to calendar congestion. Thus, the failure to have moved formally at an earlier point for dismissal did not constitute ineffective representation *(see, People v Douglas,* 139 AD2d 661, 662, *lv denied* 72 NY2d 956).

Finally in support of his claim that he was denied the right to counsel, defendant contends that County Court erred in failing to make inquiries as to a conflict between defendant and the Assistant Public Defender representing him, and as to the adequacy of representation, in response to defendant's

complaints contained in a letter accompanying his *pro se* motion to dismiss the indictment upon the ground of a claimed insufficiency of the evidence before the Grand Jury. Although it would have been the better practice for the court to have made such an inquiry *(see, People v Gensicki,* 123 AD2d 214), the failure to have done so does not mandate reversal in the instant case. Here, defendant's expression of dissatisfaction with his assigned counsel, made in conjunction with a patently meritless *pro se* motion, did not constitute a showing of good cause for removal of assigned counsel *(see, People v Bold,* 125 AD2d 583). Nor did the letter suggest a serious possibility of irreconcilable conflict between defendant and counsel *(cf., People v Sides,* 75 NY2d 822, 824-825). Most significantly, defendant had ample opportunity in subsequent appearances before the court but failed to express any objection to the counsel assigned to represent him *(see, People v Marino,* 130 AD2d 513, 514). The record as a whole does not establish any proof of true ineffectiveness of defendant's counsel, who was faced with absolutely overwhelming evidence of defendant's guilt *(see, People v Benn,* 68 NY2d 941, 942).

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.