■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LINDSAY CLANTON, Appellant. [612 NYS2d 83] —Cardona, P. J. Appeal from a judgment of the County Court of Columbia County (Zittell, J.), rendered September 4, 1992, upon a verdict convicting defendant of the crimes of criminal possession

of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree.

On March 11, 1992, from inside a store located in the City of Hudson, Columbia County, John Thomas, a police officer from Hudson, observed defendant displaying what appeared to be a handgun to a group of people on a street corner. Thomas left the store and proceeded toward the scene in his patrol car with his lights and siren on. As defendant became aware that the police were approaching, he passed the gun to a friend and started to run up the street. Defendant had run less than a block when Thomas pulled up and told defendant to stop and put his hands up. Defendant stopped running but continued to walk away. After Thomas asked defendant to stop two or three times, he brought his canine "partner" out of the car and defendant stopped. Defendant was frisked and transported to the police station, where a search of his jacket revealed what amounted to more than two ounces of cocaine contained in 19 packets. Just prior to the search of his jacket, defendant told the officer conducting the search, "That ain't my coat. Whatever's in there ain't mine." After the People presented this evidence, defendant took the stand and testified that he never possessed or sold drugs and had no idea where the drugs came from. The jury found defendant guilty of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree. Defendant was sentenced as a second felony offender to 8½ to 17 years in prison.

Defendant first contends that the People's proof at trial failed to establish the requisite element of intent to sell necessary to sustain his conviction for criminal possession of a controlled substance in the third degree. We disagree. We find that legally sufficient evidence of defendant's intent to sell could be inferred from his possession of this substantial quantity of cocaine (see, People v Alvino, 71 NY2d 233, 245; People v Vailes, 150 AD2d 406, 407, lv denied 74 NY2d 795).

Defendant's remaining contention is that County Court erred when it refused his request to specifically charge the jury that defendant had to know the weight of the cocaine[1] in order to find him guilty on the second count, alleging criminal

---

1. In People v Ryan (82 NY2d 497), the Court of Appeals held that the People must prove, as an element of any one of the six degrees of criminal possession of a controlled substance (Penal Law art 220), the defendant's knowledge of the weight of the controlled substance.

possession of a controlled substance in the fifth degree.[2] This argument, raised for the first time in defendant's reply brief, is not properly before this Court (see, People v Minota, 137 AD2d 837, 838, lv denied 71 NY2d 1030). "The practice of raising a new substantive issue in a reply brief at a time when an adversary can no longer respond to it is improper" (supra). In any event, we conclude that the court's charge adequately addressed this element of the crime.

White, Casey, Weiss and Peters, JJ., concur. Ordered that the judgment is affirmed.

2. Criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) prohibits the knowing and unlawful possession of more than 500 milligrams (aggregate weight) of cocaine. The People's expert testified that the 19 packets contained 2,133 milligrams (aggregate weight) of cocaine.