(May 18, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLINTON L. FRAYER, Appellant. [627 NYS2d 107] —Casey, J. Appeals (1) from a judgment of the County Court of Chenango County (Castellino, J.), rendered March 13, 1990, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree, and (2) by permission, from an order of the County Court of Madison County (Humphrey, J.), entered August 11, 1993, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Defendant contends that his right to counsel was violated when County Court denied his request for a change in assigned counsel. Although the right of an indigent criminal

defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option, a defendant may be entitled to new assigned counsel upon showing good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel *(People v Sides,* 75 NY2d 822, 824). When a defendant's request on its face suggests a serious possibility of irreconcilable conflict with his lawyer, the trial court is obliged to make "some minimal inquiry" to determine whether the request has a "genuine basis" *(supra,* at 824-825; *see, People v Gensicki,* 123 AD2d 214, *lv denied* 70 NY2d 646). But the failure to make a minimal inquiry does not mandate reversal when a defendant's request is based on conclusory assertions that do not suggest a serious possibility of good cause for substitution *(see, People v Gaines,* 212 AD2d 727; *People v Gerald,* 195 AD2d 1078, *lv denied* 82 NY2d 718; *People v Veras,* 175 AD2d 710, 711, *lv denied* 78 NY2d 1130; *People v Herr,* 161 AD2d 1031, 1033-1034, *lv denied* 76 NY2d 858). We are of the view that this case falls into the latter category.

At his arraignment, defendant requested new assigned counsel and stated, "I don't feel that he can represent me * * * I want to be protected." Such a bald statement of lack of confidence in assigned counsel is patently insufficient to suggest a serious possibility of good cause for substitution *(see, People v Sawyer,* 57 NY2d 12, 19, *cert denied* 459 US 1178; *People v Harris,* 173 AD2d 486, *lv denied* 78 NY2d 955; *People v Thornton,* 167 AD2d 935, *lv denied* 78 NY2d 1082). Defendant contends that County Court failed to afford him the opportunity to elaborate on the basis for his request, but in discussing what would have been revealed had he been given such an opportunity, defendant refers only to his earlier statement to assigned counsel that counsel was "too reluctant to protect my rights properly". We conclude that such a conclusory assertion would have added nothing to the statement made by defendant at his arraignment and is insufficient to raise a serious possibility of good cause for substitution.

The record reveals that defendant was upset with what he viewed as assigned counsel's failure to spend sufficient time visiting him in jail and with counsel's conduct at the preliminary hearing. Again, we are of the view that neither complaint would have been sufficient to support a serious possibility of irreconcilable differences or other good cause for substitution so as to require further inquiry. We also note that defendant had ample opportunity in subsequent appearances

before County Court to voice any complaint he may have had with counsel's representation. In these circumstances, County Court's failure to make further inquiry upon defendant's assertion of a lack of confidence in assigned counsel does not mandate reversal of defendant's conviction (see, People v Herr, supra).

Defendant also contends that his right to counsel was violated when he advised assigned counsel prior to the arraignment that he wanted new assigned counsel. According to defendant, counsel's response was a misrepresentation and counsel should have informed County Court of defendant's request. After a hearing on defendant's CPL article 440 motion, County Court found no misrepresentation, and we see no reason to disturb the finding. Counsel's failure to inform the court of defendant's request was rendered academic by defendant's request for new assigned counsel at the arraignment. We note that defendant's letter to assigned counsel does not reveal a significant possibility of good cause for substitution, but instead contains conclusory assertions of lack of confidence.

In the context of both the direct appeal and the appeal involving the postconviction motion, defendant contends that he was deprived of the effective assistance of counsel. Insofar as defendant's argument involves the credibility of witnesses at the CPL article 440 hearing, the issues were resolved by County Court and we see no basis to disturb the findings. To the extent that defendant's argument concerns alleged errors of omission by defense counsel, there has been no showing that but for the alleged errors the results would have been any different (see, People v Dennis, 210 AD2d 803, 805). In any event, it is inappropriate for the court to second-guess whether a particular course chosen by defendant's counsel was good trial strategy, so long as defendant was afforded meaningful representation (see, People v Satterfield, 66 NY2d 796, 799-800). The record establishes that defendant received meaningful representation and, therefore, his constitutional right was not violated.

We have considered the arguments raised in defendant's pro se brief and find them lacking in merit. The judgment and order should be affirmed.

Mikoll, J. P., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment and order are affirmed.