■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. SPANOS, JR., Appellant. [637 NYS2d 498] —Peters, J. Appeal from a judgment of the County Court of Fulton County (Lomanto, J.), rendered December 8, 1994, convicting defendant upon his plea of guilty of the crime of attempted burglary in the third degree.

Defendant, facing a three-count indictment charging him with three felonies involving two distinct incidents, pleaded guilty pursuant to a plea bargain to a single reduced count of attempted burglary in the third degree in satisfaction of the indictment. As part of the plea agreement, defendant waived his right to appeal, withdrew all motions and consented to a prison sentence of $1^1/_2$ to 3 years as a second felony offender. At sentencing, after acknowledging his prior felony conviction and in response to County Court's inquiry as to whether defendant had a valid reason why sentencing should be delayed, defendant asked the court for an adjournment to permit him to negotiate a plea agreement concerning a pending Florida charge. The court found defendant's request to be an insufficient reason for an adjournment. Defendant was then sentenced as agreed. Defendant now appeals.

Defendant contends that given his concerns about the pending Florida charge, County Court and his attorney should have inquired if he wished to withdraw his guilty plea. We disagree. The existence of another pending criminal charge is not a valid basis for an application to withdraw a voluntary, knowing and intelligent guilty plea, absent a claim of innocence, fraud, mistake or coercion not here made. Moreover, in seeking an adjournment, defendant did not seek to withdraw his guilty plea and he has not otherwise moved to vacate his conviction. Accordingly, this issue, first raised on appeal, was not preserved for appellate review (*see, People v Lopez*, 71 NY2d 662; *People v Molini*, 219 AD2d 780).

Similarly without merit is defendant's contention that the agreed-upon sentence is harsh and excessive. The agreement permitted defendant to plead to a single reduced charge in satisfaction of a multicount indictment and receive a sentence significantly less than his longest exposure. Mindful that his waiver of his right to appeal included appeal of the sentence agreed upon (*see, People v Moissett*, 76 NY2d 909; *People v Seaberg*, 74 NY2d 1; *People v Di Donato*, 211 AD2d 842; *People v Burk*, 181 AD2d 74), a review of the record reveals that there exists no extraordinary circumstances or abuse of discretion warranting the intervention of this Court to disturb the sentence imposed by County Court (*see, People v Kenny*, 175 AD2d 404, 407, *lv denied* 78 NY2d 1012).

Mikoll, J. P., Crew III, White and Casey, JJ., concur. Ordered that the judgment is affirmed.