■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD SMITH, Appellant. [647 NYS2d 583] —Crew III, J. P. Appeal from a judgment of the County Court of Franklin County (Main, Jr., J.), rendered September 19, 1995, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

In March 1995, defendant was an inmate at Franklin Correctional Facility in Franklin County when, during the course of a routine pat frisk, he pulled an approximately eight-inch long metal rod from his pocket and turned it over to correction officers. As a result of this incident, an indictment was returned against defendant charging him with a single count of promoting prison contraband in the first degree. Defendant subsequently pleaded guilty to a reduced charge of attempted promoting prison contraband in the first degree and was sentenced to a term of $1^1/2$ to 3 years' imprisonment to run consecutively to the term he had been serving at the time this judgment was rendered. This appeal followed.

Defendant's principal contention on appeal is his claim that he was deprived of his constitutional right to be represented by counsel of his own choosing due to County Court's failure to make inquiries concerning an apparent disagreement between defendant and his assigned counsel. Assuming, without deciding, that this issue is properly before us despite defendant's waiver of his right to appeal his conviction, we nevertheless conclude that the argument is lacking in merit.

The law is clear that while "the right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at

[the] defendant's option, a defendant may be entitled to new assigned counsel upon showing good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel" (*People v Frayer*, 215 AD2d 862, 862-863, *lv denied* 86 NY2d 794; *see, People v Sides*, 75 NY2d 822, 824). Here, while defendant maintains that County Court erred by failing to make sufficient inquiry as to his satisfaction with assigned counsel, it is significant that defendant never actually *requested* a substitution of counsel or made any substantive expression of dissatisfaction (*cf., People v Skaar*, 225 AD2d 824, 825, *lv denied* 88 NY2d 854; *People v Herr*, 161 AD2d 1031, 1033, *lv denied* 76 NY2d 858; *People v Gensicki*, 123 AD2d 214, 215, *lv denied* 70 NY2d 646).

Instead, the record demonstrates that before defendant was formally arraigned on the indictment, County Court noted the presence of defendant's assigned counsel in the courtroom and asked defendant if he was his attorney and whether he represented him. Defendant expressed no dissatisfaction with defense counsel but stated only, "Well, at this time, your Honor, I haven't decided if I'm going to keep him as my attorney." Thereafter, when defendant ultimately pleaded guilty, defense counsel stated to the court that defendant was following his advice in pleading guilty but he wished to inform the court that: "under different circumstances [defendant] would have been happier with a different attorney, but he understands that should I not be the attorney involved, then he would not be entitled to another attorney being appointed for him *being that there's no conflict in interest*" (emphasis supplied). Significantly, these comments do not even directly indicate the presence of a disagreement and could mean nothing more than defendant wished to hire an attorney he could not afford due to his indigency. Thus, in the absence of a legitimate complaint about counsel's performance, much less a request for a substitute, we cannot conclude based upon defendant's bald statements on appeal that County Court committed reversible error in failing to make further inquiries of defendant (*see, People v Herr, supra*, at 1033).

White, Casey, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.