■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON VALENTIN, Appellant. [649 NYS2d 850] —Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered June 15, 1994, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In satisfaction of a 12-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree. The plea was entered with the express understanding that defendant was waiving his right to appeal and would be sentenced as a second felony offender to a prison term of 7$^1/2$ to 15 years. Having been sentenced in accordance with the plea agreement, defendant now appeals contending that he did not knowingly, voluntarily and intelligently waive his right to appeal and that his sentence is harsh and excessive. We affirm.

Upon our review of the plea allocution, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal and such waiver will be enforced (see, e.g., *People v Sledge*, 195 AD2d 713, *lv denied* 82 NY2d 903). We find equally unavailing defendant's contention that the agreed-upon sentence, which is within the statutory guidelines, is harsh and excessive. Defendant has shown neither extraordinary circumstances nor an abuse of County Court's discretion to warrant modification of this sentence in the interest of justice (see, e.g., *People v Gaddy*, 191 AD2d 735, 736, *lv denied* 82 NY2d 718); accordingly, we decline to disturb it.

Mikoll, J. P., Mercure, White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.