■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL E. BOYER, Appellant. [655 NYS2d 148] —Crew III, J. P. Appeals (1) from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered November 3, 1994, convicting defendant upon his plea of guilty of the crime of burglary in the second degree, and (2) by permission, from an order of said court, entered March 20, 1996, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

On January 12, 1994, defendant was arraigned in the City Court of the City of Troy, Rensselaer County, on a charge of burglary in the second degree, at which time the Public De-

fender was assigned to represent him. Thereafter, on January 26, 1994, an investigator from the Public Defender's office conferred with defendant in the County Jail, at which time, defendant asserts, an argument ensued between the two of them. As a consequence of said argument, defendant wrote a letter to the Public Defender, with a copy to County Court, demanding that the Public Defender's office withdraw from the case. Defendant was thereafter indicted and charged with one count of burglary in the second degree, one count of petit larceny and one count of possession of burglar's tools. Following dismissal of the third count of the indictment due to faulty Grand Jury instructions, defendant pleaded guilty to one count of burglary in the second degree in satisfaction of the indictment and was sentenced as a second felony offender, pursuant to the plea agreement, to a prison term of $5^1/2$ to 11 years.

On this appeal, defendant claims that his plea was not voluntary. We disagree. The record reflects that during a lengthy plea allocution, defendant indicated satisfaction with his then third attorney, denied being coerced, waived his right to appeal and asserted that he had had adequate time to discuss the matter with his attorney, at which time he was informed of all of the legal ramifications of his waiver of the right to appeal. Under the circumstances, defendant's contention that his plea was involuntary is belied by the record (*see, People v Valentin*, 233 AD2d 623).

We also reject defendant's contention that he was deprived of his constitutional right to be represented by counsel of his own choosing by reason of County Court's failure to make inquiries concerning the alleged disagreement between defendant and the Public Defender's investigator. Assuming, without deciding, that this issue is properly before us, despite defendant's waiver of his right to appeal, we nevertheless conclude that the argument is lacking in merit.

The law is now well established that a defendant may be entitled to new assigned counsel upon a showing of good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel (*see, e.g., People v Frayer*, 215 AD2d 862, 863, *lv denied* 86 NY2d 794). Here, defendant makes no claim of a conflict of interest or irreconcilable conflict with the Public Defender. Rather, his complaint concerns a confrontation with an investigator from the Public Defender's office, and while defendant maintains that County Court erred by failing to make an inquiry as to his satisfaction with counsel, it is significant that defendant never actually requested a substitution of counsel and made no substantive

expression of dissatisfaction with the Public Defender as opposed to an investigator from that office (*see, People v Smith*, 231 AD2d 815, 816). We have considered defendant's remaining contentions, including those in his *pro se* brief, and find them to be equally without merit.

Casey, Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.