■ The People of the State of New York, Respondent, v Elijah Smith, Appellant. [662 NYS2d 878] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that his right to counsel was violated when County Court refused his request to assign new counsel. "The right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Sides,* 75 NY2d 822, 824; *see, People v Sawyer,* 57 NY2d 12, 18-19, *affg* 83 AD2d 205, *rearg dismissed* 57 NY2d 776, *cert denied* 459 US 1178).

Defendant requested new assigned counsel, claiming that he did not trust his assigned counsel because he was a former employee of the District Attorney's office and was "working together" with the prosecutor. Defense counsel's former employment at the District Attorney's office does not establish a conflict of interest that constitutes good cause for substitution of counsel (*see, People v Sawyer, supra,* 83 AD2d, at 208; *People v Simmons,* 156 AD2d 1012, 1013, *lv denied* 75 NY2d 924). Thus, the court's inquiry, in the circumstances of this case, was sufficient to protect defendant's right to counsel (*see, People v Thornton* [appeal No. 1], 167 AD2d 935, *lv denied* 78 NY2d 1082; *People v Gensicki,* 123 AD2d 214, 215, *lv denied* 70 NY2d 646). (Appeal from Judgment of Onondaga County Court, Burke, J.—Burglary, 1st Degree.) Present—Pine, J. P., Lawton, Hayes, Callahan and Boehm, JJ.