■ The People of the State of New York, Respondent, v James Donovan, Appellant. [670 NYS2d 612] —Cardona, P. J. Appeal from a judgment of the County Court of Ulster County (Bruhn, J.), rendered March 19, 1997, which revoked defendant's probation and imposed a term of imprisonment.

In January 1996, defendant was sentenced to a five-year term of probation following his felony conviction of driving while intoxicated. In August 1996, after becoming disruptive at a hotel in the City of Saratoga Springs, Saratoga County, he was arrested for disorderly conduct. Defendant was charged with violating the terms of his probation by consuming alcohol, appearing intoxicated, engaging in disorderly conduct and criminal mischief in the third degree, and failing to notify his probation officer within 24 hours of his arrest. County Court assigned an attorney to represent defendant and, following a hearing, found that defendant had violated the terms of his probation. Prior to sentencing, defendant requested that another attorney be assigned to represent him. County Court denied the request and sentenced defendant to a prison term of 1¹/₃ to 4 years. Defendant appeals.

Defendant contends that County Court failed to conduct a sufficient inquiry prior to denying his request for substitute counsel and thereby violated his right to counsel. Based upon our review of the record, we disagree. It is well settled that an indigent criminal defendant's entitlement to new assigned counsel depends upon a showing of " 'good cause for a substitution,' such as a conflict of interest or other irreconcilable conflict with counsel" (*People v Sides*, 75 NY2d 822, 824, quoting *People v Medina*, 44 NY2d 199, 207). "When a defendant's request on its face suggests a serious possibility of irreconcilable conflict with his lawyer, the trial court is obligated to make 'some minimal inquiry' to determine whether the request has a 'genuine basis' " (*People v Frayer*, 215 AD2d 862, 863, *lv denied* 86 NY2d 794, quoting *People v Sides, supra*, at 824-825 [citation omitted]). Such "minimal inquiry", however, need not be made where the request is "based on conclusory assertions that do not suggest a serious possibility of good cause for substitution" (*People v Frayer, supra*, at 863; *see, People v Gaines*, 212 AD2d 727, 727-728, *lv denied* 85 NY2d 938).

In this case, defendant requested that new counsel be assigned because his assigned counsel purportedly failed to file an unspecified motion on his behalf, did not advise him that a hearing would be conducted until the night before it was scheduled and failed to discover exculpatory evidence. When County Court asked defendant for further details as to why his attorney should be relieved, defendant responded, "I don't feel he is working in my behalf, I don't think he has done everything he could for me". In our view, defendant's conclusory assertions failed to demonstrate the existence of good cause for the substitution triggering County Court's obligation to make any further inquiry. We find that the inquiry undertaken by County Court was sufficient to support its finding that defendant's request was without a genuine basis.

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is affirmed.