■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY TENACE, Appellant. [682 NYS2d 279] —Graffeo, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered December 3, 1996, convicting defendant upon his plea of guilty of the crimes of murder in the second degree (two counts) and robbery in the first degree (two counts).

On December 17, 1993 police investigators entered a residence located at 1 Plant Place in the Town of Colonie, Albany County, after receiving a suspicious telephone call. The victim of a fatal stabbing, later identified as Cheryl Knapp, was discovered in the kitchen, along with a business card belonging to defendant which was found near the telephone. Thereafter, Colonie Police officers located and questioned defendant regarding the homicide. After being advised of his *Miranda* rights, defendant indicated that he had been at the Knapp residence two days earlier for business purposes but was not involved in the homicide. A search warrant was obtained for a storage facility rented by defendant's mother and upon execution of the warrant, kitchen knives which may have been used in the homicide were recovered. After learning that defendant had left Albany County, the Colonie Police issued a nationwide computer notification requesting assistance from other law enforcement agencies in the apprehension of defendant.

The police in Toledo, Ohio, notified the Colonie Police on

January 31, 1994 that it had arrested defendant in connection with an Ohio homicide. Three Colonie Police officers were dispatched to Toledo to question defendant and, upon arrival, they were advised that defendant had confessed to the homicide of a 76-year-old victim after being provided with *Miranda* warnings. The Colonie officers re-read defendant his *Miranda* rights and questioned him with respect to the Knapp murder. Defendant agreed to speak to the officers, signed a waiver of rights form and confessed to stabbing Knapp with a kitchen knife.

Defendant was charged with three counts of murder in the second degree and two counts of robbery in the first degree. Prior to trial, County Court denied defendant's motion to suppress his confession. At the conclusion of a *Sandoval* hearing, the court permitted the People to inquire of defendant at trial whether he was convicted of aggravated murder in Ohio, but precluded the prosecutor from introducing evidence of the underlying facts of the crime or the sentence of death imposed. When the trial commenced, defendant refused to proceed with his assigned counsel and decided to represent himself. County Court granted defendant's request to proceed *pro se* after an extensive inquiry to determine whether acceding to defendant's request was appropriate. The court further appointed his attorney as standby counsel to aid him in the proceedings.

Eight days after the trial commenced, defendant informed the court that he wished to plead guilty. Subsequent to County Court's inquiries to determine whether the plea was voluntary and knowing, defendant pleaded guilty to two counts of murder in the second degree and two counts of robbery in the second degree. During the plea allocution, defendant admitted to brutally killing Knapp, as well as to the underlying facts of the murder. Defendant was sentenced to 25 years to life for each murder conviction and 12½ to 25 years for each robbery conviction, all to run concurrently. Defendant now appeals.

Defendant initially argues that County Court erred in denying the motion to suppress his confession. We disagree. It is axiomatic that once a suspect is represented by an attorney on a charge on which he is held in custody, an interrogation may not be conducted and he cannot validly waive *Miranda* rights without counsel present (*see, People v Burdo*, 91 NY2d 146, 149). The suspect also cannot be interrogated on any other matter in the absence of counsel (*see, id.*, at 150-151; *People v Steward*, 88 NY2d 496, 501; *People v Rogers*, 48 NY2d 167). Here, however, defendant was being held by the Toledo police on a charge stemming from a homicide committed in Ohio, he

had waived his *Miranda* rights and he was not represented by counsel in connection with that charge. Although defendant was represented by counsel on a pending grand larceny charge in New York, he was not in custody on that charge, it was unrelated to the homicide cases and the attorney did not represent defendant in either homicide (*cf., People v Bing*, 76 NY2d 331; *compare, People v Cohen*, 90 NY2d 632). Hence, no derivative right to counsel attached prohibiting the custodial interrogation of defendant regarding the New York homicide. Defendant's voluntary waiver of *Miranda* rights with respect to the New York murder charge was, therefore, valid notwithstanding the absence of counsel.

Defendant's next contention, that County Court improperly denied his application for substitute counsel, is unavailing. An indigent criminal defendant must demonstrate "good cause" for the appointment of substitute counsel and is not entitled to the appointment of successive lawyers at his option (*see, People v Sides*, 75 NY2d 822, 824; *People v Smith*, 231 AD2d 815, 815-816). Defendant's claim that a conflict of interest existed, premised on counsel's failure to disclose his previous employment with the Public Defender's office, is conclusory and does not raise a serious possibility of "irreconcilable conflict with [his lawyer]" (*People v Frayer*, 215 AD2d 862, 863, *lv denied* 86 NY2d 794; *see, People v Donovan*, 248 AD2d 895, *lv denied* 92 NY2d 851). Therefore, substitution was not warranted (*see, People v Smith*, 242 AD2d 908, *lv denied* 91 NY2d 897), especially since defendant had succeeded in dismissing two prior attorneys. Moreover, the fact that defendant and his attorney may have disagreed with respect to trial strategy is not sufficient to warrant a substitution (*see, People v Mateo*, 252 AD2d 821, *lv denied* 92 NY2d 927) and, therefore, we shall not disturb County Court's determination made pursuant to its sound discretion (*see, People v Bailey*, 224 AD2d 435, *lv denied* 88 NY2d 933).

We also find no merit in defendant's assertion that his guilty plea should be vacated. It is well settled that prior to accepting a guilty plea, the trial court must determine that the defendant understands the nature of the charges and that the plea is entered into voluntarily, knowingly and intelligently (*see, People v Lopez*, 71 NY2d 662, 666). Here, County Court conducted an extensive inquiry of defendant which established that he was aware of the nature of the charges, understood the consequences of the plea and was entering the plea voluntarily (*see, People v Santos*, 247 AD2d 651, *lv denied* 92 NY2d 905). Defendant unequivocally and voluntarily acknowledged guilt,

including an admission to the underlying facts of the crimes charged. There is no indication in the record that defendant harbored any doubt or reluctance to enter the plea and there is no manifestation of coercion (*see, People v Hoppe*, 244 AD2d 764, 765, *lv denied* 91 NY2d 973; *People v Toledo*, 243 AD2d 925, 926).

Similarly, we reject defendant's claim that his sentence was harsh and excessive. County Court did not abuse its discretion in imposing its sentence for defendant's conviction on two counts of murder in the second degree as it was within the statutory sentencing guidelines and the court properly considered the brutal nature of the crime and defendant's prior criminal convictions, including murder, robbery and criminal possession of a weapon (*see, People v Stockwell*, 243 AD2d 992, 993; *People v Spanos*, 224 AD2d 732; *People v Pugh*, 194 AD2d 863, 865, *lv denied* 82 NY2d 758).

With respect to the sentences imposed for the two counts of robbery in the first degree, however, we find that they exceeded the minimum sentence requirements. The maximum sentence for each of the robbery convictions was set at 25 years with a minimum sentence of 12½ years. Although Penal Law § 70.02 (4) was amended in 1995 to permit the court to set a minimum sentence at one half of the defendant's maximum sentence, the crime at issue was committed in December 1993. The sentence is, therefore, governed by the preamendment provisions of the statute (*see,* L 1995, ch 3, §§ 4, 74) which require the minimum term to be no greater than one third of the maximum term (*see, People v Trimm*, 252 AD2d 673, 675, n, *lv denied* 92 NY2d 931).

Defendant's remaining contentions have been considered and found to be either without merit or waived.

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by reducing the minimum sentence for each of defendant's two convictions of the crime of robbery in the first degree from 12½ years to 8⅓ years, and, as so modified, affirmed.