■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNY TAYLOR, Appellant. [700 NYS2d 266] —Mercure, J. Appeal from a judgment of the County Court of Columbia County (Leaman, J.), rendered April 17, 1998, which revoked defendant's probation and imposed a term of imprisonment.

In September 1997, defendant pleaded guilty to the crimes of burglary in the second degree and criminal mischief in the third degree and was sentenced to six months incarceration, five years probation and payment of restitution. Thereafter, in January 1998, a petition was filed charging defendant with violating the terms of his probation by pleading guilty to the crime of petit larceny, failing to pay the ordered restitution and admitting to his probation officer that he consumed an alcoholic beverage. Although County Court initially revoked defendant's probation based upon defendant's admission to the charges contained in the violation petition, the court subsequently vacated defendant's admission and promptly conducted an evidentiary hearing on the petition when defendant indicated his dissatisfaction with counsel's services. At the conclusion of the hearing, County Court revoked defendant's probation and sentenced him to concurrent prison terms of $2\frac{1}{4}$ to $4\frac{1}{2}$ years on the burglary charge and 1 to 3 years on the criminal mischief charge. Defendant now appeals.

We reject the contention that defendant was denied the right to counsel by County Court's failure to inquire into the reasons for his dissatisfaction with counsel prior to conducting the probation violation hearing. Although engaging in such an inquiry may have been the better practice (*see, People v Herr*, 161 AD2d 1031, *lv denied* 76 NY2d 858), the court's failure to do so does not warrant reversal here inasmuch as defendant's expression of dissatisfaction, which was made in response to the court's inquiry, did not suggest the existence of good cause for removal of assigned counsel (*see, People v Donovan*, 248 AD2d 895, *lv denied* 92 NY2d 851; *People v Frayer*, 215 AD2d 862, *lv denied* 86 NY2d 794). Moreover, we find it significant that defendant failed to take advantage of the opportunity to request substitute counsel after County Court vacated his admission of guilt (*see generally, People v Smith*, 231 AD2d 815).

Cardona, P. J., Spain, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed.