■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN BEEKMAN, Appellant. [721 NYS2d 146] —Mercure, J. Appeal from a judgment of the County Court of Schenectady County (Halloran, J.), rendered November 17, 1999, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the fourth degree.

In satisfaction of a two-count indictment, defendant entered a plea of guilty of the reduced charge of attempted criminal possession of a controlled substance in the fourth degree. Defendant also waived the right to appeal. He was sentenced in accordance with the plea bargain and now appeals, claiming that County Court erred in accepting his plea.

According to defendant, County Court should not have accepted his plea without first making an inquiry concerning the basis of defendant's request for new assigned counsel. To the extent that defendant's claim raises an issue regarding the voluntariness of his plea, that issue has not been preserved for our review as a result of defendant's failure to move either to withdraw the plea or to vacate the judgment (*see, e.g., People v Ferreri*, 271 AD2d 805, *lv denied* 95 NY2d 834). To the extent that the claim is based upon the constitutional right to counsel of one's own choosing, and assuming without deciding that such a claim was not encompassed by defendant's waiver of the right to appeal (*see, People v Boyer*, 237 AD2d 743, 744, *lv denied* 90 NY2d 855), the record does not support defendant's claim.

During plea negotiations on the eve of trial, defendant apparently refused to speak to assigned counsel and made some comments about new counsel. County Court conducted a proceeding on the record to advise defendant that a change in counsel would not delay the trial and that defendant's options were to accept the plea offer or proceed to trial. During the proceeding, defendant's only complaint was that "I've been incarcerated for eleven months now and I haven't seen an attorney till yesterday on this case." Inasmuch as defendant had appeared with assigned counsel for a suppression hearing less than three months earlier, the claim was clearly specious. With regard to new counsel, the court stated: "You can get a new attorney if the proper [paperwork is] done, but he's got to be ready to start this trial at 9:30 tomorrow morning." The court then adjourned the proceeding with instructions to assigned counsel to talk with defendant about the options.

Defendant thereafter returned for a plea proceeding during which he consulted with assigned counsel several times and entered a knowing and voluntary plea to a reduced charge. He made no request for new counsel and voiced no dissatisfaction with assigned counsel. In these circumstances, the record does not support defendant's claim of reversible error (*see*, *People v Smith*, 231 AD2d 815).

Cardona, P. J., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.