(June 16, 2005)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL E. BOYER, Appellant. [799 NYS2d 281]—

Crew III, J. Appeals (1) from a judgment of the County Court

of Albany County (Breslin, J.), rendered April 5, 2002, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree, (2) by permission, from an order of the County Court of Rensselaer County (McGrath, J.), entered November 6, 2003, which denied defendant's motion pursuant to CPL 440.10 to vacate a judgment convicting him upon his plea of guilty of the crime of burglary in the second degree, and (3) from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered February 5, 2004, which resentenced defendant following his conviction upon his plea of guilty of the crime of burglary in the second degree.

In 1994, defendant was indicted and charged with, inter alia, burglary in the second degree based upon events committed in Rensselaer County. Defendant pleaded guilty to burglary in the second degree in consideration of a sentence of 5½ to 11 years as a second felony offender. At the time of the plea, defendant previously had been convicted in 1984 of a class E nonviolent felony and in 1989 of a class D violent felony. The People thereafter filed a predicate felony offender statement citing defendant's 1984 prior nonviolent felony conviction, and defendant was sentenced, as a second felony offender, to 5½ to 11 years imprisonment. Defendant appealed that conviction and we affirmed (237 AD2d 743 [1997], *lv denied* 90 NY2d 855 [1997]).

Having served his sentence for his 1994 burglary conviction, defendant thereafter was indicted in 2001 in Albany County and charged with, inter alia, attempted burglary in the second degree. Defendant subsequently pleaded guilty to attempted burglary in the second degree in consideration of a sentence of 12 years to life imprisonment as a persistent violent felony offender based upon his prior violent felony convictions in 1989 and 1994. At the time of his sentencing in Albany County, it appears that defendant wished to challenge one of the predicate violent felony convictions forming the basis for his being treated as a persistent violent felony offender. However, when questioned in that regard, neither defendant nor his attorney articulated a challenge as to any allegation in the persistent violent felony statement and, accordingly, defendant was sentenced to an indeterminate term of imprisonment of 12 years to life in accordance with the plea agreement.

Subsequent to sentencing in Albany County, defendant moved pursuant to CPL 440.20 (1) to vacate the sentence imposed upon his 1994 Rensselaer County conviction on the ground that it was illegal. County Court granted the motion to the extent of resentencing defendant, as a second violent felony offender, to 5½ to 11 years. County Court denied defendant's motion to

vacate his plea. Defendant now appeals the denial of that motion and the judgment resentencing him, as well as his Albany County 2002 conviction and sentence as a persistent felony offender.

Initially, we note that Rensselaer County Court properly granted defendant's motion to vacate the 1994 sentence because it was illegally imposed and likewise properly denied defendant's motion to vacate his plea inasmuch as sufficient facts existed on the record of the proceedings underlying that judgment to have permitted defendant to raise the issue now advanced on direct appeal, which he failed to do (*see* CPL 440.10 [2] [c]; 237 AD2d 743 [1997], *supra*). Defendant's adjudication as a persistent felony offender must be vacated, however, inasmuch as a lawful sentence for his 1994 conviction in Rensselaer County was not imposed until after the crimes were committed in Albany County that resulted in his 2002 conviction of attempted burglary in the second degree (*see People v Wright*, 270 AD2d 213, 214-215 [2000], *lv denied* 95 NY2d 859 [2000]; *People v Robles*, 251 AD2d 20, 21 [1998], *lv denied* 92 NY2d 904 [1998]; *cf. People v Bell*, 73 NY2d 153, 165 [1989]). Defendant's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the judgment rendered April 5, 2002 is modified, on the law, by vacating the persistent felony offender adjudication; defendant is adjudicated to be a second violent felony offender and matter remitted to the County Court of Albany County for resentencing; and, as so modified, affirmed. Ordered that the order entered November 6, 2003 and judgment rendered February 5, 2004 are affirmed.