■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL DUNTON III, Appellant. [797 NYS2d 166]—

Crew III, J. Appeal from a judgment of the County Court of Rensselaer County (McGrath, J.), rendered July 22, 2003, upon a verdict convicting defendant of the crimes of robbery in the first degree (two counts), criminal possession of a weapon in the second degree and grand larceny in the third degree.

Defendant and two codefendants were charged in a 13-count indictment with two counts of robbery in the first degree, criminal possession of a weapon in the second degree and grand larceny in the third degree. The charges stemmed from defendant's participation in a bank robbery in the Town of East Greenbush, Rensselaer County. Defendant was assigned counsel who, among other things, twice sought bail on defendant's behalf and filed an omnibus motion requesting pretrial discovery and suppression hearings and a demand for a bill of particulars. A *Huntley/Mapp* hearing was granted and, after two days of testimony, County Court denied defendant's motion to suppress the evidence. Shortly thereafter, defendant filed a pro se motion requesting reassignment of counsel, contending that his attorney had not visited him to discuss his case and had not conducted an investigation or informed him of any pertinent motions made on his behalf. Counsel responded and defended his representation and, on June 26, 2002, County Court denied defendant's request. Three months later, defendant proceeded to trial, was found guilty on all counts and was sentenced to an aggregate prison term of 25 years. At sentencing, County Court denied defendant's pro se motion claiming ineffective assistance of trial counsel. Defendant now appeals.

Defendant's claim that County Court did not address his pretrial motion for reassignment of counsel until the time of his sentencing is belied by the record, which reflects that County Court resolved the matter three months before trial when it denied defendant's pro se request in this regard. In any event, the motion was properly denied as "[t]he law is now well established that a defendant may be entitled to new assigned

counsel upon a showing of 'good cause for a substitution, such as a conflict of interest or other irreconcilable conflict with counsel" (*People v Boyer*, 237 AD2d 743, 744 [1997], *lv denied* 90 NY2d 855 [1997]; *see People v Frayer*, 215 AD2d 862, 863 [1995], *lv denied* 86 NY2d 794 [1995]). Here, defendant made no claim of a conflict of interest, nor did his motion, in which he expressed dissatisfaction with his attorney, "suggest a serious possibility of irreconcilable conflict between defendant and counsel" (*People v Herr*, 161 AD2d 1031, 1034 [1990]; *see People v Taylor*, 267 AD2d 717, 717 [1999], *lv denied* 94 NY2d 907 [2000]; *People v Tenace*, 256 AD2d 928, 930 [1998], *lv denied* 93 NY2d 902 [1999], *cert denied* 530 US 1217 [2000]; *People v Gensicki*, 123 AD2d 214, 215 [1987], *lv denied* 70 NY2d 646 [1987]). Therefore, substitution was not warranted. Based on the record before us, defendant received meaningful representation (*see People v Frayer, supra* at 864).

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.