■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL E. BOYER, Appellant. [827 NYS2d 776]—Crew III, J. Appeal

from a judgment of the County Court of Albany County (Breslin, J.), rendered November 30, 2005, which resentenced defendant following his conviction of the crime of attempted burglary in the second degree.

Defendant was charged in a six-count indictment with, inter alia, burglary in the second degree and ultimately pleaded guilty to one count of attempted burglary in the second degree in full satisfaction of the indictment. In accordance with a negotiated plea agreement, defendant was sentenced, as a persistent violent felony offender, to a term of 12 years to life imprisonment. This Court, finding defendant not to be a persistent violent felony offender but, rather, a second violent felony offender, vacated the persistent violent felony offender adjudication and remitted the matter for resentencing (19 AD3d 804, 806 [2005], *lv denied* 5 NY3d 804 [2005]). Upon remittal, County Court sentenced defendant to a seven-year term of imprisonment. Defendant now appeals.

Defendant contends that because of a difference in the sentencing minutes and the sentence and commitment form, the matter must be remitted to County Court yet again for resentencing. The sentencing minutes reflect that County Court sentenced defendant to a prison term of seven years while the sentencing and commitment form reflects a seven-year sentence with five years of postrelease supervision. As pointed out by defendant and conceded by the People, remittal for resentencing ordinarily is appropriate under such circumstances (*see e.g. People v Gray*, 11 AD3d 821, 822 [2004]). However, we discern no need for remittal here. Defendant, having been sentenced to a determinate prison term of seven years, was statutorily mandated to have included in such sentence a period of five years of postrelease supervision as reflected in the sentence and commitment form (*see* Penal Law § 70.45 [2]). We have considered defendant's remaining contentions and find them unavailing.

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.