■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DAVENPORT, Appellant. [870 NYS2d 169]—

Peters, J.P. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), rendered September 21, 2007, upon a verdict convicting defendant of the crimes of assault in the second degree, assault in the third degree, menacing in the second degree and unlawful imprisonment in the second degree.

Defendant savagely assaulted his girlfriend over the course of several hours by slapping, punching and choking her, beating her with a belt and metal broomstick, pulling out clumps of her hair and attempting to pull her tongue out. Although defendant prevented a number of attempts by the victim to escape their apartment, she was ultimately able to flee to the apartment of a neighbor, who contacted the police. Upon arrival at the scene, the police and emergency responders found that the victim's face and neck were swollen and covered in blood, her tongue was hanging out of her mouth, and chunks of hair were ripped out of her head. The victim was then taken to the emergency room where it was determined that she suffered multiple bruises, abrasions and lacerations over her body.

Defendant was thereafter charged with assault in the second degree (two counts), assault in the third degree, menacing in the second degree, unlawful imprisonment in the second degree and forcible touching. Following a jury trial, he was convicted of one count of assault in the second degree, assault in the third degree, menacing in the second degree and unlawful imprisonment in the second degree. County Court sentenced defendant to seven years in prison with five years of postrelease supervision for his conviction of assault in the second degree, and concurrent one-year jail sentences for each of the remaining convictions. This appeal ensued.

As defendant concedes, his challenge to the sufficiency of the

evidence supporting his conviction of assault in the second degree is unpreserved for our review since he failed to move to dismiss this count at the close of the People's case (*see People v Ogborn*, 55 AD3d 1054, 1055 [2008]; *People v Gathers*, 47 AD3d 959, 959 [2008], *lv denied* 10 NY3d 863 [2008]). Contrary to defendant's contention, reversal in the interest of justice is not warranted on this ground. Further, his argument that the verdict on this count is against the weight of the evidence was raised for the first time in his reply brief and, as such, is not properly before us (*see People v Whitehurst*, 33 AD3d 477, 478 [2006], *lv denied* 8 NY3d 850 [2007]; *People v White*, 244 AD2d 765, 767 [1997], *lv denied* 91 NY2d 1014 [1998]; *People v Clanton*, 204 AD2d 810, 812 [1994], *lv denied* 83 NY2d 965 [1994]). In any event, we are satisfied that the verdict is supported by the weight of the evidence (*see People v Romero*, 7 NY3d 633, 643-644 [2006]).

Defendant's next contention, that County Court abused its discretion in refusing to order a competency hearing pursuant to CPL 730.30 (2), is unavailing. "A defendant is presumed to be competent and is not entitled, as a matter of law, to a competency hearing unless the court has reasonable grounds to believe that, because of mental disease or defect, the defendant is incapable of assisting in his or her own defense or of understanding the proceedings against him [or her]" (*People v Planty*, 238 AD2d 806, 807 [1997], *lv denied* 89 NY2d 1098 [1997] [citations omitted]; *see People v Tortorici*, 92 NY2d 757, 765 [1999], *cert denied* 528 US 834 [1999]; *People v Woodard*, 17 AD3d 929, 930 [2005], *lv denied* 5 NY3d 811 [2005]). While County Court was aware of defendant's kidney condition and that his medical treatment could be physically and mentally taxing, at times causing him confusion, the record as a whole does not support defendant's claim of incompetency. County Court had the benefit of observing defendant throughout the course of the proceedings and personally interacted with him on a number of occasions, and defendant's remarks and conduct at subsequent court appearances, including an appearance at which counsel requested a competency hearing, were at all times lucid and oriented. Indeed, at no point following the initial plea proceedings, where defendant stated that he was confused as a result of his medication, did he indicate that his judgment was in any way impacted by his treatment or medications. Moreover, counsel was not able to particularize his concerns regarding defendant's competency (*see People v Morgan*, 87 NY2d 878, 881 [1995]; *People v Rodriguez*, 79 AD2d 576, 576 [1980], *affd* 56 NY2d 557 [1982]). Accordingly, we discern no abuse of discretion in County Court's refusal to order a competency examination.

Nor are we persuaded that County Court improvidently exercised its discretion in denying defendant's application for substitution of trial counsel. "[A] defendant may be entitled to new assigned counsel upon showing 'good cause for a substitution,' such as a conflict of interest or other irreconcilable conflict with counsel" (*People v Sides*, 75 NY2d 822, 824 [1990], quoting *People v Medina*, 44 NY2d 199, 207 [1978]). In response to the motion, County Court conducted an appropriate inquiry, providing defendant and his attorney an opportunity to explain the problems in the relationship and particularly noting the extensive motion practice conducted by counsel on defendant's behalf (*see People v Sides*, 75 NY2d at 825; *People v Burnett*, 228 AD2d 788, 791 [1996]). While defendant expressed some dissatisfaction with counsel, there was not a showing of sufficient good cause to warrant a substitution of counsel (*see People v Dunton*, 19 AD3d 808, 809 [2005], *lv denied* 5 NY3d 805 [2005]; *People v Tenace*, 256 AD2d 928, 930 [1998], *lv denied* 93 NY2d 902 [1999], *cert denied* 530 US 1217 [2000]).

We also reject defendant's contention that the count of assault in the third degree was a concurrent inclusory count of the assault in the second degree counts and, therefore, should have been submitted to the jury in the alternative. Concurrent counts are defined as "two or more counts of an indictment upon which concurrent sentences only may be imposed in case of conviction thereon" (CPL 300.30 [3]). While sentences imposed for two or more offenses must run concurrently "where a single act constitutes two offenses, or . . . where a single act constitutes one of the offenses and a material element of the other" (*People v Laureano*, 87 NY2d 640, 643 [1996]; *see* Penal Law § 70.25 [2]), it is well settled that " 'if separate and distinct acts were committed, and that they violated more than one section of the Penal Law, punishment for each of them would be proper although they arose out of a single transaction' " (*People v Day*, 73 NY2d 208, 210-211 [1989] [emphasis omitted], quoting *People ex rel. Maurer v Jackson*, 2 NY2d 259, 264 [1957]; *see People v Brown*, 80 NY2d 361, 364 [1992]; *People v Truesdell*, 70 NY2d 809, 811 [1987]).

Here, the evidence presented by the People established that, over a period of hours, defendant assaulted the victim and caused her physical injury by repeatedly striking her with a metal belt buckle (count 2) and, thereafter, by hitting her with a metal broomstick (count 1). The proof also demonstrated that, following the aforementioned assaults, defendant forced his hand into the victim's mouth and pulled on her tongue so

severely that he tore her lingular frenulum.* Thus, even though the three assaults may have occurred during a continuing course of activity, each was a separate and distinct physical act of violence committed against the victim (*see People v Kalakowski*, 120 AD2d 763, 764-765 [1986], *lv denied* 68 NY2d 669 [1986]; *People v Ridout*, 46 AD2d 643, 644 [1974]; *People ex rel. Eldard v La Vallee*, 15 AD2d 611, 612 [1961], *lv denied* 11 NY2d 642 [1962], *cert denied* 371 US 837 [1962]; *see also People v Brown*, 255 AD2d 686, 687 [1998], *lv denied* 92 NY2d 1029 [1998]). As such, the assault in the third degree count was not an inclusory concurrent count and County Court was not required to submit it in the alternative.

Finally, as the evidence undisputedly reveals that defendant's conduct in striking the victim with the metal broomstick caused or was at least a contributing cause of certain injuries sustained by the victim, there is no merit to defendant's contention that County Court erred in refusing to instruct the jury on causation (*see People v Cicchetti*, 44 NY2d 803, 805 [1978]).

Spain, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.

---

* The lingular frenulum is the piece of skin tissue that connects the underside of the tongue to the bottom of the mouth, and which helps to control the tongue for purposes of speech and swallowing.