■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON A. MANLEY, Appellant. [894 NYS2d 575]—

McCarthy, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered January 2, 2009, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree.

Following a jury trial, defendant was convicted of criminal possession of a controlled substance in the third degree and sentenced to a prison term of six years with two years of postrelease supervision. Defendant now appeals, contending that the sentence imposed was harsh and excessive and, further, that County Court erred in summarily denying defense counsel's motion to be relieved of her assignment.

"In the absence of an abuse of discretion or extraordinary circumstances, the sentence imposed by the sentencing court will not be disturbed" (*People v Flint*, 66 AD3d 1245, 1246 [2009] [citations omitted]). Given defendant's criminal history, we discern no reason to disturb the sentence imposed. Contrary to defendant's assertion, the fact that the instant offense represents his first felony conviction does not establish extraordinary circumstances (*see People v Bonelli*, 41 AD3d 972, 974 [2007], *lv denied* 9 NY3d 921 [2007]). Similarly, the fact that other individuals who committed the same crime may have received lesser sentences is of no moment, as "no two defendants are quite alike even if they have committed, in legal definition, identical offenses" (*People v Selikoff*, 35 NY2d 227, 234 [1974], *cert denied* 419 US 1122 [1975]).

Turning to the assigned counsel issue, "[t]he right of an indigent criminal defendant to the services of a court-appointed lawyer does not encompass a right to appointment of successive lawyers at defendant's option" (*People v Sides*, 75 NY2d 822, 824 [1990]). Rather, a defendant seeking new assigned counsel must demonstrate good cause for the requested substitution

(*see id.*; *People v Davenport*, 58 AD3d 892, 895 [2009], *lv denied* 12 NY3d 782 [2009]). No such showing was made here.

When defendant requested a change of counsel in July 2008, County Court questioned defendant extensively as to the basis for his application, summarized counsel's efforts on defendant's behalf and ultimately concluded that defendant failed to demonstrate good cause for the requested substitution. Two months later, when the Assistant Public Defender representing defendant sought to be relieved of the assignment, County Court again denied the request for new counsel. Based upon our review of the record as a whole, we cannot say that County Court failed to carefully evaluate this request. While the record reflects some dissatisfaction with counsel (*see People v Davenport*, 58 AD3d at 895), County Court had the opportunity to observe the "ongoing dialogue" between defendant and counsel during the course of this action and concluded that the relationship between the two was "conducive to providing meaningful representation during the course of the trial." Accordingly, the judgment of conviction is affirmed.

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is affirmed.