■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVE CARTER, Appellant. [616 NYS2d 956] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered March 16, 1993, convicting defendant, after a jury trial, of attempted robbery in the second degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

Defendant's claim that the trial court should have instructed the jury on the defense of intoxication is unpreserved for appellate review as a matter of law, defendant never having requested such an instruction, and we decline to review it in the interest of justice. If we were to review it, we would find that the evidence was insufficient to cause a reasonable person to entertain doubt whether defendant was so intoxicated as to be unable to form the specific intent to rob the victim (see, People v Searles, 171 AD2d 465, lv denied 78 NY2d 926; People v Rivera, 160 AD2d 419, lv denied 76 NY2d 1024). Nor do we perceive any abuse of sentencing discretion. Concur—Sullivan, J. P., Carro, Ellerin, Kupferman and Asch, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELEODORO GARCIA, Appellant. [616 NYS2d 955] —Judgment, Supreme Court, New York County (Jerome Marks, J.), rendered March 1, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of 4½ to 9 years, unanimously affirmed.

Defendant, who absconded after his suppression motions were denied and was told by the court that his trial would begin the next day, "unambiguously indicate[d] a defiance of the processes of law sufficient to effect a forfeiture" of his right to be present, and was not improperly tried in absentia (People v Sanchez, 65 NY2d 436, 444). Concur—Sullivan, J. P., Carro, Ellerin, Kupferman and Asch, JJ.