■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE BROGAN, Appellant. [738 NYS2d 784] —Appeal from a judgment of Monroe County Court (Bristol, J.), entered March 24, 2000, convicting defendant after a hearing of a violation of probation.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant was convicted of sexual abuse in the first degree (Penal Law § 130.65 [3]) upon his *Alford* plea and was sentenced to a five-year term of probation. The conditions of probation to which defendant agreed included defendant's completion of a mental health evaluation and compliance with all treatment recommendations. Approximately two months after sentencing, the Office of Probation filed an amended declaration of delinquency, alleging that defendant had failed to attend the first scheduled mental health evaluation appointment and that he failed to comply with the treatment recommendation that he take medication for his psychotic condition. At the hearing on the petition, defendant's probation officer testified that she had reviewed the terms and conditions

of probation with defendant for an hour and that defendant had indicated that he was unwilling to take any medication. A psychiatrist testified that defendant did not attend the first scheduled mental health evaluation but did attend the second scheduled examination. During that examination, which lasted about an hour, defendant exhibited psychotic symptoms. Defendant informed the psychiatrist that he had "absolutely no desire to see a psychiatrist, no desire to take any medications whatsoever." Based on that examination, the psychiatrist concluded that medication would help defendant to organize his thought processes and to function better, which was the goal of the treatment program. The psychiatrist testified that, unless defendant took anti-psychotic medication, he would not profit from treatment and defendant's successful completion of the sex offender treatment program would not be possible. He did not prescribe medication for defendant because he saw no use in doing so, given the statement of defendant that he would not take medication. The court found that defendant had violated the conditions of probation and sentenced defendant to an indeterminate term of incarceration of 1 to 3 years.

The court properly found that defendant had violated the condition of his probation that he comply with all treatment recommendations. The fact that no medication was actually prescribed for defendant is of no moment; the testimony of the probation officer and the psychiatrist establishes that defendant adamantly refused to take medication. We disagree with defendant that the condition violated his constitutional right to direct his own medical treatment (*see, Rivers v Katz,* 67 NY2d 485, 492-493, *rearg denied* 68 NY2d 808). Defendant, a convicted felon, voluntarily agreed to comply with all treatment recommendations as a condition of his remaining at liberty (*see, People v Hale,* 93 NY2d 454, 463-464). The condition is proper, inasmuch as it is "not punitive * * * and [is] reasonably related to defendant's rehabilitation" (*People v Hale, supra* at 462). The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Hayes, Wisner, Hurlbutt and Gorski, JJ.