■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW MULLINGS, Also Known as TONY, Appellant. [803 NYS2d 784]—

Mugglin, J. Appeals (1) from a judgment of the County Court of Albany County (Breslin, J.), rendered May 2, 2002, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, assault in the first degree and criminal use of a firearm in the first degree, and (2) by permission, from an order of said court, entered March 1, 2005, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant and the victim were weekend guests at the apartment of Gina Hansen in the City of Albany. Hansen, concerned about defendant's possession of illegal drugs, asked him to leave. He packed some of his belongings and left, but later returned, became agitated, brandished a knife and refused to leave. A fight broke out in which defendant, the victim and others were involved, and defendant fled from the house. Defendant, who had previously stayed with Gwendolyn Kirksey, was contacted by her and apparently she arranged for defendant to return to New York City. The next day, Kirksey received a telephone call from defendant that he was returning to Albany to "win," but was bringing his sister so that if he "lost," she could bury him. That evening, as the victim sat on the front stoop of Hansen's apartment, defendant jumped from a van, lifted his shirt to display a pistol and then shot the victim in the left leg. As the victim attempted to reenter the apartment, defendant followed and shot him seven more times, leaving only after the victim managed to throw a heavy ashtray through the apartment door window.

Following a jury trial, defendant was convicted of attempted murder in the second degree, assault in the first degree and criminal use of a firearm in the first degree and was sentenced to three concurrent prison terms of 25 years. Defendant's post-conviction pro se motion pursuant to CPL 440.10 was denied by County Court, without a hearing. Defendant now appeals from the judgment of conviction and, by permission, from the denial of his CPL 440.10 motion.

In his pro se appellate brief, defendant makes three arguments. First, defendant contends that the verdict of guilty of attempted murder in the second degree is not supported by legally sufficient evidence and is against the weight of the evidence because all eight shots hit the victim below the waist, establishing only an intent to injure. Applying now familiar principles (*see People v Cabey*, 85 NY2d 417, 421 [1995]; *People v Bleakley*,

69 NY2d 490, 494 [1987]), we disagree. Defendant's criminal intent may readily be inferred from his conduct (*see People v Rivers*, 17 AD3d 934, 936 [2005], *lv denied* 5 NY3d 768 [2005]; *People v Perkins*, 5 AD3d 801, 804 [2004], *lv denied* 3 NY3d 741 [2004]). Given the background of the dispute, the number of shots fired and wounds inflicted, the method of attack and the relative movements of the victim and defendant, and giving due deference to the jury's resolution of issues of credibility (*see People v Long*, 307 AD2d 647, 649 [2003]), we conclude that this verdict was supported by legally sufficient evidence and was not contrary to the weight of the evidence. Defendant's second argument, that the indictment is defective, is based on his challenge to the sufficiency of the evidence before the grand jury. That argument is now precluded by defendant's conviction on legally sufficient evidence (*see People v Carey*, 241 AD2d 748, 751 [1997], *lv denied* 90 NY2d 1010 [1997]).

Third, we reject defendant's contention that his constitutional right to confrontation was impacted because he was precluded from calling a police officer to impeach the testimony of a police investigator. Initially, we note that County Court did not preclude defendant from calling the witness, simply precluding testimony as to the witness's conversation with the police investigator as hearsay. Moreover, since the investigator was subjected to full cross-examination by defendant with respect to the issues, we find no infringement of defendant's right of confrontation.

Defendant's appellate counsel also makes three arguments. First, he asserts that defendant was denied a fair trial as a result of County Court's determination to allow evidence of uncharged crimes. County Court allowed evidence of defendant's possession of drugs in the apartment house as proper background evidence interwoven with the issue of motive. Evidence of prior uncharged crimes may be introduced to complete the narrative of events leading up to the crime for which a defendant is on trial (*see People v Gines*, 36 NY2d 932, 932-933 [1975]) or under certain circumstances when such an event is interwoven and necessary to allow the jury to understand the case in context (*see People v Resek*, 3 NY3d 385, 389 [2004]). Given that the prosecution proceeded upon the theory that defendant was angered by being forcibly removed from the apartment and that the crimes were in retaliation therefor, evidence of defendant's possession and use of drugs as the reasons for his forcible removal are clearly admissible (*see People v Till*, 87 NY2d 835, 837 [1995]). Notably, when this evidence was introduced, County Court immediately gave a limiting instruction followed by ad-

ditional instructions with respect thereto during the charge to the jury.

Counsel's second argument is that defendant was denied a fair trial by County Court's ruling that defendant had "opened the door" regarding certain aspects of defendant's crack cocaine operation. The scope of redirect examination is a matter entrusted to the sound discretion of the trial court (*see People v Massie*, 2 NY3d 179, 183 [2004]). Since defendant, during cross-examination of a prosecution witness, elicited evidence clearly inadmissible on direct examination, County Court properly exercised its discretion to allow the People to explain, clarify and fully explore the material raised by defendant (*see id.* at 183; *People v Melendez*, 55 NY2d 445, 451 [1982]; *People v Conway*, 297 AD2d 398, 399 [2002], *lv denied* 99 NY2d 581 [2003]). We discern no abuse of County Court's exercise of discretion in this regard.

Counsel's third argument is that the sentence imposed was harsh and excessive. Although County Court imposed the maximum permissible sentence, we find no clear abuse of discretion nor extraordinary circumstances which would mitigate the sentence (*see People v King*, 293 AD2d 815, 817-818 [2002], *lv denied* 98 NY2d 698 [2002]). In our view, County Court fashioned a sentence with appropriate regard to the nature and circumstances of both defendant and the crime, particularly giving credit to defendant's three misdemeanor convictions during the six years of his adulthood.

Lastly, we agree with defendant's appellate counsel that there are no nonfrivolous appellate issues with respect to the denial of defendant's motion pursuant to CPL 440.10. Each claim of error rests on facts appearing in the record (*see* CPL 440.10 [2] [b]; *People v Lahon*, 17 AD3d 778, 780 [2005], *lv denied* 5 NY3d 790 [2005]).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed, and application to be relieved of assignment on the appeal of the denial of defendant's CPL 440.10 motion granted.