(March 30, 2006)

█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD C. BAKER, Appellant. [811 NYS2d 803]—

Carpinello, J. Appeals (1) from a judgment of the County Court of Clinton County (McGill, J.), rendered April 30, 2004, upon a verdict convicting defendant of the crimes of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the third degree, criminal possession of a weapon in the fourth degree and menacing in the second degree, and (2) by permission, from an order of said court, entered May 20, 2005, which denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment of conviction and/or set aside the sentence, without a hearing.

Defendant was indicted on, among other charges, various counts of burglary, attempted murder and assault for shooting Stewart Tedford (hereinafter the victim) with a 20-gauge shotgun inside the home of his ex-girlfriend. Although defendant originally pleaded guilty to attempted murder in the second degree and was sentenced to 15 years in prison, he successfully appealed to this Court (301 AD2d 868 [2003], *lv dismissed* 99 NY2d 625 [2003]), and the case was remitted to County Court. Following a *Huntley* hearing, County Court denied defendant's motion to suppress various oral statements he made to police following his arrest, and thereafter the case proceeded to a jury trial.

As relevant on appeal, the jury found defendant guilty of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the third and fourth degrees and menacing in the second degree. Sentenced as a second

felony offender to an aggregate prison term of 18 years, with five years of postrelease supervision, defendant now appeals from the judgment of conviction, as well as the denial of a CPL article 440 motion without a hearing. We affirm both the judgment and the order.

First, upon our review of the testimony adduced at the suppression hearing, we reject defendant's claim that County Court erred in denying his motion to suppress oral statements he made to police investigators immediately following his arrest and again after his invocation of the right to counsel. As to the first set of oral statements, defendant claims that same should have been suppressed because his *Miranda* rights were not effectively communicated to him. A police investigator, however, testified at the hearing that defendant was read his *Miranda* rights from a prepared card as he was being led out of his home and into a patrol car, defendant indicated that he understood these rights and agreed to talk to him about the shooting.[1] According to this investigator, defendant first invoked his right to counsel when asked to provide a written statement, at which time all questioning stopped. This testimony, which was found to be credible by County Court (*see People v Davis*, 18 AD3d 1016, 1017 [2005], *lv denied* 5 NY3d 805 [2005]), fully supports its determination that defendant received, comprehended and voluntarily waived his *Miranda* rights such that his motion to suppress these oral statements was properly denied (*see e.g. People v Barton*, 13 AD3d 721, 722 [2004], *lv denied* 5 NY3d 785 [2005]; *People v Marx*, 305 AD2d 726, 727-728 [2003], *lv denied* 100 NY2d 596 [2003]). Furthermore, County Court also properly ruled that certain other oral statements made by defendant to another investigator, who the court also found to be credible (*see People v Davis, supra*), were admissible as spontaneous statements in that same were neither provoked, induced nor encouraged by police conduct or interrogation (*see e.g. People v Roberts*, 12 AD3d 835, 836 [2004], *lv denied* 4 NY3d 802 [2005]).

Defendant next argues that his attempted murder and assault convictions were not supported by legally sufficient evidence and were against the weight of the evidence, specifically attacking the element of intent. We disagree. According to the trial testimony, the victim and defendant's ex-girlfriend were sharing an evening together in her home when defendant knocked on the door, having seen the victim's truck parked in the driveway,

---

1. Defendant thereafter revealed, among other details, that he was angry about his ex-girlfriend's new relationship with the victim, that he had planned the shooting for two weeks and that he aimed the shotgun at the victim and stated, "[T]his is for everything you've done to me, buddy."

and stated to his ex-girlfriend that it "[l]ooks like it's over." He then left but returned a short time later armed with a loaded, 20-gauge shotgun.

At this time, defendant walked into the house, walked past his ex-girlfriend stating, "Now we'll see," and fired one shot at the victim injuring him in the hand and abdomen. The ex-girlfriend ran for help, the victim retreated to a bathroom and defendant briefly left the house and reloaded the shotgun. Upon finding the victim inside the bathroom, defendant told him that he was going to kill him. The victim pleaded for his life, and defendant ultimately relinquished the gun, at which time the victim ran to a neighbor's home and defendant fled.

It was further established at trial that just prior to the shooting, defendant not only left threatening messages on his ex-girlfriend's telephone answering machine, but also yanked the telephone wires to the house. Additionally, following the shooting but before the police arrived at his home to arrest him, defendant telephoned, among others, his boss and a friend and told them that he had shot the victim. Moreover, upon being arrested, he made numerous oral statements to a police investigator, including an admission that he shot the victim that evening and had planned it for two weeks (see n 1, supra).

Viewing this evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's intent to cause serious physical injury and death to the victim (see People v Mullings, 23 AD3d 756, 758 [2005]; People v Rivers, 17 AD3d 934, 935-936 [2005], lv denied 5 NY3d 768 [2005]). Although defendant testified at trial that he brought the shotgun to his ex-girlfriend's home to merely scare the victim into leaving and denied intentionally shooting him,[2] the jury obviously did not credit this version of events, which was its prerogative (see e.g. People v Hargett, 11 AD3d 812, 814 [2004], lv denied 4 NY3d 744 [2004]; see also People v Greene, 259 AD2d 355, 355-356 [1999], lv denied 93 NY2d 1002 [1999]). Moreover, viewing the evidence in a neutral light and deferring to the jury's credibility determinations, we likewise reject defendant's alternative argument that his convictions on these counts are against the weight of the evidence (see CPL 470.15 [5]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Mullings, supra; People v Rivers, supra; see also People v Wallace, 8 AD3d 753, 755 [2004], lv denied 3 NY3d 682 [2004]; People v Greene, supra).

Next, any error in submitting burglary counts to the jury

---

2. At trial, defendant claimed that the shotgun went off accidently when the victim grabbed it.

must be considered harmless since defendant was found not guilty of all such counts (*see generally People v Gillette*, 254 AD2d 121 [1998], *lv denied* 93 NY2d 873 [1999]; *People v Ali*, 189 AD2d 770 [1993], *lv denied* 81 NY2d 881 [1993]). The claim that submission of these counts had an improper impact on jury deliberations is unsupported by the record. Furthermore, County Court did not err in permitting the jury to hear the messages left by defendant on his ex-girlfriend's telephone answering machine because the People did in fact lay a proper foundation for admission of this evidence (*see People v Ely*, 68 NY2d 520, 527 [1986]; *People v Bell*, 5 AD3d 858, 861-862 [2004]). Defendant's claim that County Court erred in not instructing the jury on the defense of intoxication is unpreserved for our review (*see People v Johnson*, 238 AD2d 522, 523 [1997], *lv denied* 90 NY2d 859 [1997]; *People v Carter*, 207 AD2d 734 [1994], *lv denied* 84 NY2d 906 [1994]) and, were we to review it, we would find it unavailing since "there was insufficient evidence of intoxication for a reasonable person to entertain a doubt as to the element of intent on that basis" (*People v Johnson, supra* at 523; *see* Penal Law § 15.25).

Also unavailing is defendant's contention that his prior felony driving while intoxicated conviction could not properly serve as the predicate offense upon which he was adjudicated a second felony offender (*see People v Butts*, 127 AD2d 777 [1987]; *People v Caruso*, 125 AD2d 403, 403-404 [1986]; *People v Clearwater*, 98 AD2d 912, 912-913 [1983]). Nor do we agree with defendant's contention that County Court was vindictive in its sentencing or that his sentence, which was less than the maximum that could have been imposed, should be reduced in the interest of justice.

We have reviewed all remaining contentions and find them to be without merit.

Cardona, P.J., Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment and order are affirmed.