(November 9, 2006)

■ The People of the State of New York, Respondent, v Bryan G. Parrotte, Appellant. [823 NYS2d 593]—

Rose, J. Appeal from a judgment of the County Court of Clinton County (Lawliss, J.), rendered September 6, 2000, upon a verdict convicting defendant of the crimes of assault in the third degree, reckless endangerment in the second degree and endangering the welfare of a child.

Following a jury trial on charges resulting from injuries inflicted upon his infant son, defendant was found guilty of assault in the third degree, reckless endangerment in the second degree and endangering the welfare of a child. County Court sentenced him to an aggregate term of one year in jail and ordered him to pay a $1,000 fine. He now appeals.

Defendant's initial argument that County Court assumed the role of advocate for the People by improperly questioning one of the medical experts as to the foundation for admission of certain

X rays and CT scans contained in the victim's medical records is unpreserved because defendant made no such objection at trial (*see* CPL 470.05 [2]; *People v Charleston*, 56 NY2d 886, 887-888 [1982]). Even if we were to consider defendant's argument, we would find it to be without merit because the court's brief questioning merely confirmed that a proper foundation had been laid for admission of the X rays and scans as business records, "did not directly relate to crucially contested issues in the case" and was not of a type which would have led the jury to believe that the court found the expert to be credible (*People v Tucker*, 140 AD2d 887, 891 [1988], *lv denied* 72 NY2d 913 [1988]).

Defendant also contends that the same expert's testimony as to the nature of the victim's injuries was not competent because she was a nontreating radiologist who relied on X rays and CT scans which she could not independently verify as being those of the victim. It suffices to say, however, that the images in question had been previously admitted into evidence, after having been identified as part of the victim's patient records made and kept in the ordinary course of the treating hospital's business.

Finally, defendant claims that he did not receive the effective assistance of counsel because his trial counsel, among other things, had no cogent trial strategy and failed to present evidence or request a jury instruction as to the voluntariness of his confession. Our review of the record reveals that, after attempting unsuccessfully to have defendant's confession suppressed, his counsel could have reasonably concluded that there was insufficient evidence to challenge the voluntariness of the confession at trial (*see People v Hargett*, 11 AD3d 812, 814-815 [2004], *lv denied* 4 NY3d 744 [2004]; *see also People v Gonsa*, 220 AD2d 27, 31-32 [1996], *lv denied* 89 NY2d 923 [1996]). In our view, counsel pursued a legitimate strategy of challenging the medical evidence as to the extent and seriousness of the victim's injuries and met the standard of meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Rivera*, 71 NY2d 705, 708 [1988]; *People v Hargett, supra* at 814-815).

Mercure, J.P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.