(May 14, 2009)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE BROWN, Also Known as CHEEBA, Appellant. [878 NYS2d 515]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (McDonough, J.), rendered March 19, 2007 in Albany County, upon a verdict convicting defendant of the crimes of burglary in the second degree (three counts) and petit larceny (three counts).

Defendant and a codefendant, Marty Jones, were charged in a multicount indictment for crimes related to a series of burglaries in the City of Albany. Jones, who faced more charges than defendant, cooperated with police. Defendant proceeded to a jury trial, where he was tried on eight charges, two from each of four alleged burglaries. Jones was called as a witness by the prosecution and supplied details regarding defendant's involvement in the crimes. The jury found defendant guilty of the charges emanating from three of the burglaries, resulting in a conviction of three counts of burglary in the second degree and three counts of petit larceny. He was sentenced, as a second felony offender, to three consecutive 12-year prison terms for the burglary convictions, as well as concurrent one-year sentences for each petit larceny conviction, and five years of postrelease supervision. Defendant appeals.

Defendant argues that the jury's verdict was not supported by legally sufficient evidence and was against the weight of the evidence. Applying the well-settled standards for review regarding legal sufficiency and weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *see also People v Danielson*, 9 NY3d 342, 348-349 [2007]; *People v Hall*, 57 AD3d 1229, 1230 [2008]), we find defendant's argument unavailing. Jones's testimony provided sufficient evidence to establish the elements of the crimes of which defendant was convicted. However, since Jones was an accomplice, corroborative evidence was required (*see* CPL 60.22 [1]; *People v Caban*, 5 NY3d 143, 154-155 [2005]). The People's burden in such regard is "merely to offer some nonaccomplice evidence tending to connect defendant to the crime charged" (*People v Besser*, 96 NY2d 136, 143-144 [2001] [internal quotation marks omitted]; *see People v Gilbo*, 52 AD3d 952, 953 [2008], *lv denied* 11 NY3d 788 [2008]).

There was ample corroborative evidence regarding the burglary of 32 Fullerton Street on April 6, 2006, and the two burglaries (first floor apartment and basement apartment) at 96 Philip Street on April 10, 2006. As to 32 Fullerton Street, neighbors saw a car that matched the make and color of defendant's sister's car (which defendant frequently used)

parked on the street in front of the burglarized house and a man fitting defendant's description entered the house. Later, the same man was seen sitting behind the wheel of the car and a man fitting Jones's description carried something out of the house, placed it in the car's back seat and the two men left in the car. Also, the victim testified that, among the items taken from her home was a large jug of coins, and a supermarket employee observed two men, one of whom she later identified as defendant, emptying a large jug full of change into a coin redemption machine at the supermarket shortly after the alleged burglary. As to 96 Philip Street, a postal worker testified that he delivered a package to the location at the approximate time of the burglary and that a man whom he later identified as defendant was coming down the steps of the house and claimed to be working in the house. He also saw a man that resembled Jones in a car that fit the description of the car belonging to defendant's sister. The manager of a pawn shop identified defendant on the shop's surveillance tape from the day of the alleged crimes, and he testified that defendant and Jones sold him property, which he later turned over to the police. That property was identified by the victims from the 96 Philip Street apartments as belonging to them. Moreover, property stolen from this location was found in the trunk of defendant's sister's car and on defendant's person at the time of his arrest. The evidence was legally sufficient, and, having weighed the conflicting testimony and reviewed rational inferences from the evidence, while according deference to the jury's assessment of witness credibility, the verdict is not against the weight of the evidence (*see generally People v Green*, 49 AD3d 1029, 1029-1030 [2008], *lv denied* 10 NY3d 863 [2008]).

Next, we address defendant's contentions that he was denied the effective assistance of counsel and that Supreme Court erred in denying his request for a different assigned counsel. " 'So long as the evidence, the law, and the circumstances of [the] particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation,' a defendant's constitutional right to the effective assistance of counsel will have been met" (*People v Henry*, 95 NY2d 563, 565 [2000], quoting *People v Baldi*, 54 NY2d 137, 147 [1981]). Here, counsel made appropriate pretrial motions, numerous effective objections at trial, thoroughly cross-examined the People's witnesses, delivered cogent opening and closing arguments, and obtained an acquittal on two of the charges. While defendant uses the luxury of hindsight to point to a few things that could have been done differently, these alleged errors—particularly when considered in the context of the

lengthy proceedings—fail to establish that defendant did not receive meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Gilliam*, 300 AD2d 701, 701 [2002], *lv denied* 99 NY2d 628 [2003]). With regard to defendant's request for new assigned counsel, Supreme Court adequately evaluated the reasons for the request—which arose primarily from defendant's antagonistic approach and unsupported accusations—and the court did not abuse its discretion in denying the request since sufficient good cause for such substitution was not established (*see People v Sides*, 75 NY2d 822, 824 [1990]; *People v Davenport*, 58 AD3d 892, 895 [2009]; *People v Dunton*, 19 AD3d 808, 808-809 [2005], *lv denied* 5 NY3d 805 [2005]).

Two suppression issues are asserted by defendant. Neither has merit. Defendant failed to establish that the police officer who prepared the application for a search warrant of defendant's residence "knowingly or recklessly submitted false information to the issuing Magistrate" (*People v Cohen*, 90 NY2d 632, 638 [1997]). Although the application relied in part upon information provided to police by Jones, that information was not necessarily unreliable since it was based upon Jones's personal involvement with defendant and Jones's statement was against his penal interest (*see People v McCann*, 85 NY2d 951, 953 [1995]; *People v Parker*, 256 AD2d 362, 362 [1998], *lv denied* 93 NY2d 877 [1999]; *People v McCulloch*, 226 AD2d 848, 849-850 [1996], *lv denied* 88 NY2d 1070 [1996]). With regard to the photographic array shown to the pawn shop manager, we have reviewed the array and it was not, as urged by defendant, unduly suggestive (*see People v Means*, 35 AD3d 975, 975-976 [2006], *lv denied* 8 NY3d 948 [2007]).

Defendant argues that Supreme Court's *Sandoval* ruling constituted reversible error. Defendant had numerous prior convictions (four felonies and six misdemeanors) over 20 years. The court ruled that it would permit inquiry about defendant's 1994 misdemeanor forgery conviction (including the underlying facts) since the nature of that crime was particularly pertinent to credibility (*see People v O'Garro*, 258 AD2d 423, 424 [1999], *lv denied* 93 NY2d 975 [1999]), and also that it would permit questions about the existence of (but not the underlying facts about) the three most recent felony convictions. The *Sandoval* determination "rests largely within the reviewable discretion of the trial court, to be exercised in light of the facts and circumstances of the particular case before it" (*People v Hayes*, 97 NY2d 203, 207 [2002]). Supreme Court's ruling reflects a balance between potential prejudice to defendant and the probative

nature of his convictions, and we are unpersuaded that Supreme Court abused its discretion (*see People v Ward*, 27 AD3d 776, 777 [2006], *lv denied* 7 NY3d 764 [2006]; *People v Evans*, 17 AD3d 861, 862-863 [2005], *lv denied* 5 NY3d 828 [2005]; *People v Jackson*, 302 AD2d 748, 750 [2003], *lv denied* 100 NY2d 539 [2003]).

In his separate pro se brief, defendant asserts that the People knowingly elicited false testimony and tampered with evidence. The record fails to reveal any merit to these assertions.

Finally, in light of defendant's extensive criminal history, we are unpersuaded that the sentence imposed constituted a clear abuse of discretion or that extraordinary circumstances exist meriting a reduction thereof (*see People v Jenkins*, 256 AD2d 735, 737 [1998], *lv denied* 93 NY2d 854 [1999]; *People v Hayden*, 250 AD2d 937, 939 [1998], *lvs denied* 92 NY2d 879, 982 [1998], *cert denied* 526 US 1028 [1999]). We note that the aggregate maximum term of the sentence has been reduced to 20 years as provided in Penal Law § 70.30 (*see generally People v Ramirez*, 89 NY2d 444, 455 n 7 [1996]; *People v Jackson*, 25 AD3d 1012, 1014 [2006], *lv denied* 6 NY3d 849 [2006]; *People v Nusbaum*, 222 AD2d 723, 726 [1995], *lv denied* 87 NY2d 1023 [1996]).

Cardona, P.J., Peters, Kane and McCarthy, JJ., concur. Ordered that the judgment is affirmed.