■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES ROLFE, Appellant. [920 NYS2d 856]—

Garry, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered November 23, 2009, convicting defendant upon his plea of guilty of the crime of criminal contempt in the first degree.

After violating an order of protection, defendant was indicted on charges of criminal contempt in the first degree, grand larceny in the fourth degree, and endangering the welfare of a child. A few days prior to the date scheduled for commencement of trial, defendant's counsel wrote to County Court requesting the assignment of new counsel because of a "complete breakdown in communication" between defendant and himself. The court denied the request on the grounds that no basis for such relief had been stated and because of the proximity of trial. Defendant subsequently pleaded guilty to criminal contempt in the first degree in satisfaction of all charges. He waived his right to appeal and was sentenced to a prison term of 1½ to 3 years, to run concurrently with any sentence imposed in a separate criminal action then pending against him (*People v Rolfe*, 83 AD3d 1217 [2011] [decided herewith]). Defendant appeals.

Defendant's sole contention is that his constitutional right to be represented by the counsel of his choice was violated by County Court's alleged failure to make an adequate inquiry into the basis of the request for substitute counsel (*see People v Sides*, 75 NY2d 822, 824 [1990]; *People v Brown*, 62 AD3d 1089, 1092 [2009], *lv denied* 13 NY3d 742 [2009]). This claim survives defendant's waiver of the right to appeal only to the extent that it implicates the voluntariness of his plea (*see People v Pump*, 67 AD3d 1041, 1041 [2009], *lv denied* 13 NY3d 941 [2010]; *People v Williams*, 6 AD3d 746, 747 [2004], *lv denied* 3 NY3d 650 [2004]). This claim is further unpreserved, as defendant failed to move to withdraw his plea (*see* CPL 220.60 [3]) or to vacate the judgment of conviction (*see* CPL 440.10; *People v Lopez*, 71 NY2d 662, 665 [1988]), and, in any event, it is without merit.

Whether good cause exists to grant an indigent defendant's request for the appointment of substitute counsel depends on, among other things, " 'the timing of the defendant's request, its effect on the progress of the case and whether present counsel will likely provide the defendant with meaningful assistance' " (*People v Malcolm*, 74 AD3d 1483, 1486 [2010], *lv denied* 15 NY3d 954 [2010], quoting *People v Linares*, 2 NY3d 507, 510 [2004]). Here, defendant's counsel, rather than defendant himself, requested the substitution, without indicating that he was acting at defendant's instruction (*compare People v Malcolm*, 74 AD3d at 1487; *People v Smith*, 231 AD2d 815, 816 [1996]). Defendant never directly expressed dissatisfaction with his counsel; he did not object to the denial of the substitution request and, during his subsequent plea colloquy, indicated that he was satisfied with the representation. Finally, any temporary difficulties between defendant and his counsel were apparently resolved, as counsel was able to obtain an advantageous plea agreement and continued to represent defendant in the companion case. Accordingly, were this issue properly before us, we would find that rejection of the request was not an abuse of discretion (*see People v Linares*, 2 NY3d at 510-511; *People v Brown*, 62 AD3d at 1092).

Spain, J.P., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.