■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID J. STEVENSON, Appellant. [976 NYS2d 304]—

Garry, J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered January 4, 2012, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the fifth degree.

In May 2011, defendant was charged in a superior court information with criminal possession of a controlled substance in the fifth degree. Defendant waived indictment and, represented by assigned counsel, thereafter entered into a plea agreement pursuant to which he would receive six months of interim proba-

tion and, if successfully completed, a sentence of five years of probation. During the plea colloquy, County Court affirmed that defendant was in good physical and mental health and that he had not been threatened or forced into entering the plea agreement. When asked whether he was satisfied with counsel's performance, defendant unequivocally stated that he had discussed the case at length with counsel and that he believed that counsel had done a "good job." The court thereafter accepted defendant's guilty plea and sentenced him to six months of interim probation, which included psychiatric treatment and participation with an assisted outpatient treatment order.

When defendant appeared for sentencing in November 2011, after successfully completing his interim probation, defendant resisted his continued participation with the assisted outpatient treatment order and, for the first time, expressed dissatisfaction with counsel and requested a new attorney. County Court pointed out that counsel had performed well in negotiating probation rather than prison time for defendant, but informed defendant that he had the right to hire different counsel or represent himself, although he did not have a choice of assigned counsel. At counsel's request, suggesting that defendant "may not be himself today," the matter was adjourned.

When the matter came on for sentencing in January 2012, defendant still expressed dissatisfaction with his representation, alleging for the first time that counsel had pressured him into taking the plea agreement while defendant was on medication. County Court reminded defendant that, at the time of the plea, he had stated that he had not been pressured into pleading guilty and the court had taken defendant at his word. Accordingly, the court imposed the agreed-upon five years of probation. Defendant appeals.

We affirm. We find no merit to defendant's contention that County Court failed to make adequate inquiry before denying his request for substitute counsel. "An indigent criminal defendant must demonstrate 'good cause' for the appointment of substitute counsel, such as a conflict of interest or other irreconcilable conflict" (*People v Malcolm*, 74 AD3d 1483, 1486 [2010], *lv denied* 15 NY3d 954 [2010], quoting *People v Sides*, 75 NY2d 822, 824 [1990]; *see People v Linares*, 2 NY3d 507, 510 [2004]). The trial court, in determining whether good cause exists, must consider the timing of the request, the effect on the progress of the case and whether present counsel is capable of providing meaningful assistance (*see People v Linares*, 2 NY3d at 510; *People v Rolfe*, 83 AD3d 1219, 1220 [2011], *lv denied* 17 NY3d 809 [2011]; *People v Malcolm*, 74 AD3d at 1486). Here,

County Court made ample inquiry into defendant's dissatisfaction with counsel and—having specifically queried defendant about the claimed deficiencies during the plea colloquy—found them to be unpersuasive. The court further noted that, considering defendant's extensive criminal history, counsel had performed admirably in convincing both the court and the District Attorney that defendant would be better served by probation. We find no abuse of County Court's discretion in denying defendant's request for substitute counsel (*see People v Phillips*, 96 AD3d 1154, 1156 [2012], *lv denied* 19 NY3d 1000 [2012]; *People v Malcolm*, 74 AD3d at 1487; *People v Breedlove*, 61 AD3d 1120, 1121 [2009], *lv denied* 12 NY3d 913 [2009]).

Lastly, we reject defendant's challenge to the condition of his probation that requires him to take antipsychotic medication. Defendant agreed to voluntarily comply with all treatment recommendations as a requirement of his right to remain at liberty and this requirement is not punitive, but, rather, is reasonably related to his rehabilitation (*see People v Hale*, 93 NY2d 454, 462 [1999]; *People v Franco*, 69 AD3d 981, 983 [2010]; *People v Brogan*, 292 AD2d 781, 782 [2002], *lv denied* 98 NY2d 673 [2002]).

Peters, P.J., Rose and McCarthy, JJ., concur. Ordered that the judgment is affirmed.